**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


ANTHONY HATCHES,              :
                                      Civil Action No. 09-0848 (JBS)
          Petitioner,         :

     v.                       :    OPINION

PAUL SCHULTZ, Warden,         :

          Respondent.         :
```

**APPEARANCES:**

Petitioner pro se
Anthony Hatches
F.C.I. Fairton
P.O. Box 420
Fairton, NJ 08320

**SIMANDLE**, District Judge

   Petitioner Anthony Hatches, a prisoner currently confined at the Federal Correctional Institution at Fairton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] and an application to proceed in forma pauperis

---

   [1] Section 2241 provides in relevant part:

   (a) Writs of habeas corpus may be granted by the
   Supreme Court, any justice thereof, the district courts
   and any circuit judge within their respective
   jurisdictions.
   (c) The writ of habeas corpus shall not extend to a
   prisoner unless-- ... (3) He is in custody in violation
   of the Constitution or laws or treaties of the United
   States ... .

pursuant to 28 U.S.C. § 1915(a). The sole respondent is Warden Paul Schultz.

Based on his affidavit of indigence, the Court will grant Petitioner's application to proceed in forma pauperis. Because it appears from a review of the Petition that this Court lacks jurisdiction over the Petition, the Court will dismiss the Petition. See 28 U.S.C. § 2243.

## I. BACKGROUND

Petitioner was charged in a multi-count indictment with, among other charges, "possession" of a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). See U.S. v. Hatches, Criminal No. 02-0058 (W.D. Va.).[2] At trial, his counsel unsuccessfully raised the question whether the evidence was sufficient to sustain a conviction for violation of § 924(c), relying on the U.S. Supreme Court decision in Bailey v. United States, 516 U.S. 137 (1995).[3] Following a jury trial,

---

[2] This Court will take judicial notice of the dockets of other federal courts in cases related to this Petition. See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

[3] The Supreme Court of the United States held in Bailey v. United States, 516 U.S. 137 (1995), that a conviction for "use" of a firearm under § 924(c)(1), as it existed at that time, requires the government to show "active employment of the firearm." 516 U.S. at 144. As the Court explained, active employment includes uses such as "brandishing, displaying,

Petitioner was convicted of all charges.  On January 24, 2003, he was sentenced in the U.S. District Court for the Western District of Virginia to a term of imprisonment of 200 months, which was subsequently reduced to 174 months.[4]  Petitioner appealed, asserting that evidence that Petitioner owned the gun found under a mattress in the hotel room where he was arrested, and that he had admitted that he owned the gun for "personal protection," was not sufficient evidence to sustain the § 924(c) conviction.  Petitioner also asserted that the gun was an "antique" exempt from prosecution.  The U.S. Court of Appeals for the Fourth Circuit rejected these arguments and affirmed the conviction.  U.S. v. Hatches, 75 Fed.Appx. 188, 2003 WL 22138553 (4th Cir. 2003).  Ths U.S. Supreme Court denied certiorari on January 20, 2004.  Hatches v. U.S., 540 U.S. 1157 (2004).

---

bartering, striking with, and, most obviously, firing or attempting to fire" the weapon.  516 U.S. at 148.  "Use" does not include mere possession of a firearm; thus, a "defendant cannot be charged under § 924(c)(1) merely for storing a weapon near drugs or drug proceeds," or for "placement of a firearm to provide a sense of security or to embolden."  Id. at 143, 149.

In 1998, in response to the Bailey decision, Congress amended § 924(c) to expand its scope.  Whereas, at the time of the Bailey decision, § 924(c) had provided for enhanced penalties for any person who "uses or carries" a firearm during and in relation to certain predicate offenses, including a drug trafficking crime, the amended § 924(c) also provided for enhanced sentences for any person "who, in furtherance of any such crime, possesses a firearm."  See Pub.L. 105-386, § 1, 112 Stat. 3469 (1998).  Petitioner was convicted under the 1998 amended version of § 924(c).

[4] The sentence for the § 924(c) conviction is 60 months.

In January 2005, Petitioner filed, in the trial court, a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct illegal sentence, which the trial court denied on October 21, 2005.[5]  Hatches v. United States, Civil No. 05-0054, 2005 WL 2716374 (W.D. Va. Oct. 21, 2005).  Petitioner did not appeal.

Here, Petitioner asserts that he is "actually innocent" of the § 924(c) "possession" conviction pursuant to the rule announced by the Supreme Court in Bailey v. United States, 516 U.S. 137 (1995).  Petitioner argues that he should be permitted to pursue this claim through a § 2241 petition, here in the district of confinement, because his remedy under § 2255 is "inadequate and ineffective," because he is "actually innocent" of the crime of conviction and because he "had already used the only statutory vehicle available to attack his sentence before it was determined that the conduct which he was convicted of was not in fact criminal."  (Brief at 8.)

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

---

[5] No Bailey claim was asserted in the § 2255 motion.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

United States Code Title 28, Section 2244(b)(3)(A), provides that "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." If a second or successive petition is filed in the district court without such an order from the appropriate court of appeals, the district court may dismiss for want of jurisdiction or "shall, if it is in the interest of justice, transfer such action ... to any other

such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

### III.  ANALYSIS

Here, Petitioner contends that he is entitled to habeas relief under § 2241, despite the facts that he has filed a direct appeal challenging the sufficiency of the evidence on his § 924(c) conviction and that he has filed a previous § 2255 motion, because he is "actually innocent" and because relief under § 2255 now is barred and, thus, is "inadequate or ineffective."  Cf. In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

As noted by the Court of Appeals for the Third Circuit in Dorsainvil, 119 F.3d at 249, § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).  Motions under § 2255 must be brought before the Court which imposed the sentence.  See 28 U.S.C. § 2255.  In addition, before a second or successive § 2255 motion is filed in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider

the petition on the grounds of either (1) newly-discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense or (2) a new rule of constitutional law made retroactive by the Supreme Court.  28 U.S.C. §§ 2244(a), 2255.

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  In Dorsainvil, a case involving a Bailey claim, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255.  Id.  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening

interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

Here, Petitioner does allege that he is being confined for conduct that is not criminal, the Dorsainvil exception. Petitioner can not establish, however, that he had "no earlier opportunity" to challenge his conviction based upon the Bailey decision.  To the contrary, Petitioner did present this challenge to the trial court, which found it meritless.  Under the post-Bailey amendment to § 924(c) under which Petitioner was convicted, the United States had to prove that Petitioner was a person "who, in furtherance of any such crime, possess[ed] a firearm."[6]  Because the Bailey decision predated Petitioner's trial, he had the opportunity to present his argument on direct appeal and in his § 2255 petition in the district of conviction. Petitioner cannot demonstrate that his circumstances constitute the sort of "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements.  Section 2255 is not "inadequate or ineffective" merely because Petitioner failed to present this claim in his direct appeal or prior § 2255 motion.[7]

---

[6] See n. 3, supra.

[7] It appears that Petitioner challenged the sufficiency of the evidence in his direct appeal, but did not couch the argument in terms of the Bailey decision.

8

Thus, this Petition must be considered a second or successive motion under § 2255, which Petitioner has not received authorization to file, and over which this Court, in the district of confinement, lacks jurisdiction.[8]  28 U.S.C. § 2255.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

Petitioner has not alleged facts to bring this Petition within the gatekeeping requirement of § 2255 permitting "second or successive" petitions based upon newly discovered evidence sufficient to establish that no reasonable factfinder would have found the movant guilty of the offense or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.  Moreover, the Court of Appeals for

---

[8] Although this Court is reclassifying Petitioner's petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds.  The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition.  Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  Because Petitioner in this case has already filed a § 2255 motion in the sentencing court, and because the current Petition is itself "second or successive," no purpose would be served by a Miller notice.

the Fourth Circuit has already determined that the evidence is sufficient to sustain the § 924(c) conviction.  Accordingly, it does not appear that it would be in the interest of justice to transfer this Petition to the Court of Appeals for the Fourth Circuit.

Finally, this Court expresses no opinion as to the merits of Petitioner's claims.

### IV.   CONCLUSION

For the reasons set forth above, the Petition will be dismissed for lack of jurisdiction.  An appropriate order follows.


                                        **s/ Jerome B. Simandle**
                                        Jerome B. Simandle
                                        United States District Judge

Dated:  **September 25, 2009**