```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ANTHONY HATCHES, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 09-848 (JBS) |
| v. | |
| PAUL SCHULTZ, Warden, | **MEMORANDUM OPINION** |
| Defendant. | |

**SIMANDLE**, District Judge:

This matter is before the Court on Petitioner's motion for reconsideration of the dismissal of his petition for habeas corpus. [Docket Item 5.] THE COURT FINDS AS FOLLOWS:

1. On February 24, 2009, Petitioner Anthony Hatches, a prisoner confined at the Federal Correctional Institution at Fairton, New Jersey, sought a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner was convicted of, among other crimes, "possession" of a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). In his petition, he asserted that he is "actually innocent" of the § 924(c) "possession" conviction pursuant to the rule announced by the Supreme Court in Bailey v. United States, 516 U.S. 137 (1995).

2. This Court recharacterized Petitioner's motion as a motion pursuant to 28 U.S.C. § 2255 because of the nature of the

relief sought.  See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001).  Petitioner had previously filed a motion pursuant to § 2255 in the West Virginia trial court that convicted him, which the trial court denied.  Hatches v. United States, Civil No. 05-0054, 2005 WL 2716374 (W.D. Va. Oct. 21, 2005).

    3.  Consequently, this Court dismissed the petition for lack of jurisdiction as a successive petition based on 28 U.S.C. § 2244(b)(3)(A) which provides that "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Without the required authorization from the Court of Appeals, this Court lacks the subject matter jurisdiction necessary to consider Petitioner's motion.  Robinson v. Johnson, 313 F.3d 128, 138 (3d Cir. 2002).[1]

    4.  The Court acknowledged that in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), a case involving a Bailey claim, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his

---

[1] The Court also found that it lacked jurisdiction over Petitioner's properly characterized motion, which must be brought before the sentencing court.  See 28 U.S.C. § 2255.

2

conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251.  However, the Court found that Petitioner had an earlier opportunity to raise his Bailey claim because Petitioner presented a Bailey challenge to the trial court, which found it meritless.  Therefore, Petitioner's motion was properly characterized as a motion pursuant to § 2255.

    5.  Petitioner moves for reconsideration because this Court did not provide him notice that the Court would recharacterize his motion as being pursuant to § 2255.  See United States v. Miller, 197 F.3d 644 (3d Cir. 1999) (requiring warning for such recharacterization when it makes another motion into a first-filed § 2255 motion because it effects the petitioner's later ability to sue).

    6.  Local Civil Rule 7.1(i) governs the Court's review of Defendants' motion for reconsideration.  Rule 7.1(i) requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its initial decision.  L. Civ. R. 7.1(i).  To prevail on a motion for reconsideration,  the movant must show:

> (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

Max's Seafood Café ex rel. Lou-Ann, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  To prevail under the third prong, the

movant must show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered."  P. Schoenfeld Asset Management LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (internal quotations and citations omitted).  The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly.  United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994); Maldonado v. Lucca, 636 F. Supp. 621, 629 (D.N.J. 1986).

    7.  Petitioner's argument is that the Court misinterpreted or otherwise misapplied Miller's requirement of notice of recharacterization.[2]  Disagreement with the substance of the Court's ruling is not a ground for reconsideration.  Moreover, the Court, having anticipated this common basis for reconsideration, explicitly noted in its Opinion that no notice and order pursuant to Miller needed to accompany the recharacterization of the motion because such warning is only necessary when the recharacterized motion would be the first § 2255 motion, and is irrelevant for subsequent § 2255 motions. See Castro v. United States, 540 U.S. 375, 382 (2003) ("The limitation applies when a court recharacterizes a pro se

---

[2] Petitioner's motion could also be construed to challenge the Court's decision not to transfer the petition to the proper district court or to the Court of Appeals, but Petitioner does not allege any facts or law overlooked by the Court in this regard.

4

litigant's motion as a <u>first</u> § 2255 motion.") (emphasis added). This is because restrictions on Petitioner's rights with respect to the ability to file a subsequent § 2255 motion were already set by Petitioner's first such motion.  The Court's recharacterization of the motion before it did not affect Petitioner's ability to bring subsequent motions.

8.  Because petitioner's motion for reconsideration neither raises an issue overlooked by the Court, nor does the argument have merit, the motion for reconsideration will be denied.  The accompanying Order shall be entered.


**February 22, 2010**                             **s/ Jerome B. Simandle**
Date                                              JEROME B. SIMANDLE
                                                  United States District Judge